## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD RAY CHAPMAN,

       Petitioner,                            Civil No. 2:11-CV-11596

                                         HONORABLE PAUL D. BORMAN

v.                                    UNITED STATES DISTRICT JUDGE

GREG McQUIGGIN,

       Respondent,

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

       Ronald Ray Chapman, ("Petitioner"), confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and sentence for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I.  BACKGROUND

       Petitioner pleaded guilty to the above charges in the Lapeer County Circuit Court on August 11, 1997.

       On September 15, 1997, petitioner requested a new court appointed attorney and asked to withdraw his guilty plea.  The judge agreed to appoint new counsel for petitioner but refused to consider the motion to withdraw the plea until petitioner conferred with his new attorney.  At a hearing on September 22, 1997, the judge heard petitioner's request to withdraw his plea.  The

judge decided to obtain a copy of transcript from the guilty plea and ordered petitioner to file an affidavit.  The hearings from September 15th and September 22nd were not transcribed.

On October 6, 1997, the judge heard oral argument on petitioner's motion to withdraw the plea and denied the request. (Tr. 10-6-97, pp. 20-21).  The judge sentenced petitioner to concurrent sentences of 25-40 years. (*Id.,* pp. 27-29).  The judge advised petitioner that he could appeal by leave and informed him that if he could not afford an attorney, the court would appoint him an attorney and furnish the attorney with the portions of the transcript and record the attorney needed. (*Id.,* pp. 29-30).

Petitioner requested the appointment of appellate counsel.  The judge denied the motion pursuant to Proposal B, which amended the Michigan Constitution to eliminate the right of appeal from criminal defendants in guilty plea cases. *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, October 21, 1997).

In January of 1998, petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals.  The Michigan Court of Appeals remanded the case to the trial judge to reconsider the denial of appointed counsel in light of *People v Najar*, 229 Mich. App 393; 581 NW2d 302 (1998). *People v Chapman*, No. 209000 (Mich.Ct.App. June 29, 1998).

On remand the trial judge again denied petitioner's request for the appointment of appellate counsel without prejudice.  The judge indicated that petitioner was required to state the issues to be raised in his application for leave to appeal before the judge could decide if appointment of counsel was appropriate. *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, July 17, 1998).

Rather than complying with the trial court's directive by filing a statement listing the

2

issues that he wanted to raise on appeal, petitioner filed a motion to withdraw guilty plea.  The trial judge issued a three page opinion and order denying the motion to withdraw the guilty plea. *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, October 9, 1998).

Petitioner filed a delayed application for leave to appeal and motion to file late appeal in the Michigan Court of Appeals.  While his appeal was pending, petitioner filed a motion for production of transcripts and documents in the trial court.  The trial judge denied the request stating "Defendant made a previous request for the same documents and transcripts and was provide[d] with such by the Clerk of the Court's office on August 27, 1998." *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, May 26, 1999).

The Michigan Court of Appeals dismissed petitioner's delayed application for leave to appeal and motion to file late appeal "for failure to pursue the case in conformity with the rules." *People v. Chapman*, No. 217766 (Mich.Ct.App. May 11, 1999).  This dismissal was "without prejudice to whatever other relief may be available consistent with the Court Rules." *Id*. Petitioner did not seek leave to appeal with the Michigan Supreme Court. [1]

On January 12, 2000, the trial court entered an order denying petitioner's request for appellate counsel and for documents and transcripts, finding the motions to be moot because the Court of Appeals had denied petitioner's delayed application for leave to appeal.

On June 23, 2005 the United States Supreme Court decided the case of *Halbert v. Michigan*, 545 U.S. 605 (2005), which held that indigent defendants have a constitutional right to appointed counsel to assist them in the first-tier appellate review of their guilty plea convictions.

In August of 2005, petitioner filed a motion for appointment of appellate counsel in the

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court. [this Court's dkt. # 10-10].

trial court citing *Halbert*.  Although this motion was never ruled on by the trial judge, petitioner filed an application for leave to appeal the denial of appellate counsel.  The Michigan Court of Appeals dismissed the application for leave to appeal for lack of jurisdiction because the trial court had not entered an order before petitioner filed the application. *People v Chapman*, No. 273600 (Mich.Ct.App. October 25, 2006).

On November 6, 2006, petitioner filed a motion with the trial court, in which he asked the judge to enter an order either granting or denying him appellate counsel so he could appeal such order.  On April 20, 2007, the trial judge granted petitioner's request for appellate counsel. *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, April 20, 2007).  On June 5, 2007, the trial court appointed Ronald Ambrose as appellate counsel and required the transcripts from the plea and sentencing to be produced by the court reporter. *People v Chapman*, No. 97-006171-FC (Lapeer County Circuit Court, June 5, 2007).

On April 22, 2008, petitioner's appointed appellate counsel filed a motion to vacate conviction, contending that the lengthy delay and lack of transcripts caused a due process violation such that the convictions should be vacated.  On May 19, 2008 the trial court heard oral argument regarding petitioner's motion to vacate conviction.  Petitioner's counsel indicated he had not received the sentencing transcript or a transcript from the September 15, 1997 hearing. The prosecutor indicated that he had a copy of the sentencing transcript.  The judge noted that the court reporter had married and moved out of state and that he was having a hard time locating her.  The judge said he would continue to attempt to locate the court reporter but, at defense counsel's request, the judge denied the motion without prejudice, indicating that he would attempt to locate and have prepared the missing transcripts. (Tr. 5/19/08, pp. 3-10).

4

On June 2, 2008, appointed appellate counsel filed a delayed application for leave to appeal in the Court of Appeals.  The Michigan Court of Appeals dismissed the application stating:

> The delayed application for leave to appeal filed June 2, 2008, is DISMISSED for lack of jurisdiction because the application for leave to appeal was not filed within 12 months of the October 1997 judgment of sentence as required by MCR 7.205(F)(3) and the renewed request for appellate counsel that resulted in the order of appointment of counsel was not made within 12 months of the judgment of sentence as required by MCR 7.205(F)(4). See *People v Houlihan*, 480 Mich 1165 (2008), citing *Simmons v Kapture*, 516 F3d 450 (CA6, 2008), for the proposition that *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed2d 552(2005) is not retroactive.

*People v Chapman*, No. 285809 (Mich.Ct.App. June 18, 2008).

The Michigan Supreme Court subsequently denied petitioner leave to appeal. *People v. Chapman*, 483 Mich. 887, 759 N.W.2d 879 (2009)(Kelly and Cavanagh, JJ, would grant leave to appeal).

Petitioner subsequently filed a motion for relief from judgment, which was denied.

*People v. Chapman,* No. 97-006171-FC (Lapeer County Circuit Court, April 14, 2009).  The Michigan appellate courts denied petitioner leave to appeal. *People v Chapman*, No. 291707 (Mich. Ct. App. September 20, 2009); *lv. den.* 485 Mich. 1127, 780 N.W.2d 261 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

> The convictions and sentences should be vacated as a matter of due process of law, U.S. Const. V & XIV; Const. Art. 1 Sec 17, where the trial judge erroneously denied the appointment of appellate counsel for over nine years and where defendant has not been supplied with the relevant transcripts.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
> > (1)      resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> > (2)      resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal system."

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions

be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh

v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per*

6

*curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*,

541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v.*

*Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must

determine what arguments or theories supported or...could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

Court. *Id.*

       "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,*

131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not

completely bar federal courts from relitigating claims that have previously been rejected in the

state courts, it preserves the authority for a federal court to grant habeas relief only "in cases

where there is no possibility fairminded jurists could disagree that the state court's decision

conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view

that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice

systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v.*

*Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a

"readiness to attribute error [to a state court] is inconsistent with the presumption that state

courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain

habeas relief in federal court, a state prisoner is required to show that the state court's rejection

of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

## III. DISCUSSION

The Court discusses petitioner's related claims together for judicial economy. [2]

Petitioner initially contends that he was denied due process because the trial judge refused to appoint appellate counsel for him until 2007.

A defendant has an absolute right to be represented by counsel on his first appeal from his conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In the present case, petitioner pleaded guilty. The Michigan State Constitution was amended in 1994 to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court," rather than by right. Mich. Const., Art. 1, § 20. In the aftermath of this amendment, some trial court judges in Michigan began to deny appointed appellate counsel to indigent defendants who had pleaded guilty or *nolo contendere. See Kowalski v. Tesmer,* 543 U.S. 125, 127 (2004). A majority of the Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due

---

[2] Respondent contends that the habeas petition should be dismissed as being untimely because it was not filed in compliance with the statute of limitations found in 28 U.S.C. § 2244(d)(1). The Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122 F. App'x. 188, 192 (6th Cir. 2005).

8

Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 470 Mich. 882; 681 N.W.2d 653 (2004)(Kelly, J. dissenting and Cavanagh, J. would hold case in abeyance pending the decision in *Kowalski v. Tesmer, supra)*; *People v. Bulger*, 462 Mich. 495; 614 N.W. 2d 103 (2000)(Cavanagh, and Kelly, JJ., dissenting).  The Michigan State Legislature codified the practice of limiting the appointment of appellate counsel in guilty plea cases to certain limited situations. *See* Mich. Comp. Laws § 770.3a.

In *Halbert v. Michigan,* 545 U.S. 605 (2005), the United States Supreme Court, based on its holding in *Douglas,* held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals, even when such appeals are discretionary, rather than as of right. *Id.* at 609-610.

In *Simmons v. Kapture,* 516 F.3d 450, 451 (6th Cir. 2008), the Sixth Circuit held that the decision in *Halbert* did not apply retroactively to cases on collateral habeas corpus review.  The Sixth Circuit based its decision on *Teague v. Lane*, 489 U.S. 288 (1989), in which the Supreme Court held that a state prisoner collaterally attacking his conviction may not rely on a new constitutional rule announced after his conviction became final. *Id.* at 310-11.  The Supreme Court acknowledged that it is often difficult to determine when a case announces a new rule, and therefore did not attempt to define the spectrum of what may or may not constitute a new rule for retroactivity purposes. *Id.* at 301.  However, a case is generally considered to announce a new rule has when the decision "breaks new ground," "imposes a new obligation on the States or the Federal Government," or "was not dictated by precedent existing at the time the

9

defendant's conviction became final." *Id.*  The Sixth Circuit in *Simmons* concluded that *Teague* barred the retroactive application of *Halbert* on collateral review, because *Halbert* announced a "new rule," and that new rule neither decriminalized a class of conduct nor was it a "watershed" rule. *Simmons,* 516 F.3d at 451.

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

Petitioner was sentenced on October 6, 1997.  The Michigan Court of Appeals denied petitioner's application for leave to appeal on May 11, 1999.  Petitioner did not seek review in Michigan Supeme Court, and his time to do so expired 56 days later, on July 5, 1999. See Mich. Ct. R. 7.302(C)(2).  Any time that petitioner may have had to file a petition for certiorari expired ninety days later on October 3, 1999.  Giving petitioner the benefit of every possible doubt, his conviction became final on that date. *See United States v. Cottage*, 307 F.3d 494, 498-99 (6th Cir. 2002).  *Halbert* was not decided by the United States Supreme Court until over five years later, on June 23, 2005.

Petitioner's conviction became final prior to the issuance of the *Halbert* decision. Because *Halbert* does not apply retroactively to cases on collateral habeas corpus review, the rule regarding a right to first-tier discretionary appeals is inapplicable to petitioner's case. Petitioner would therefore not be entitled to habeas relief on his claim that the trial court erred in delaying the appointment of appellate counsel.

As a related claim, petitioner contends that the delays in appointing appellate counsel

10

violated his right to a speedy appeal.

The Court is aware that the Sixth Circuit has held that a criminal defendant has the right to a speedy appeal. *See United States v. Smith,* 94 F.3d 204, 206-08 (6th Cir. 1996); *See also Turner v. Bagley,* 401 F.3d 718, 724-27 (6th Cir. 2005)(granting unconditional writ of habeas corpus where habeas petitioner's appeal had languished in the state appellate court for eleven years). A habeas court, however, may only look at the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F.3d 524, 530-31 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.* Although the Sixth Circuit has held that a criminal defendant has a right to a speedy appeal, Sixth Circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 132 S. Ct. 2148, 2155 (2012). The Supreme Court has yet to recognize a right to a speedy appeal. In the absence of any clearly established law from the Supreme Court that a defendant has a right to a speedy appeal in a criminal case, petitioner would not be entitled to habeas relief on his claim that he was denied the right to a speedy appeal. *See Owens v. McLaughlin,* 733 F.3d 320, 329 (11th Cir. 2013); *Hayes v. Ayers,* 632 F.3d 500, 523 (9th Cir. 2011). Indeed, the dissenting judge in the *Turner* case noted that it was unclear whether a due process right to speedy appeal could be the basis for habeas relief because such a right had not been recognized by the Supreme Court. *Turner,* 401 F.3d at 728 (Guy, J., concurring in part and

11

dissenting in part).  Because the United States Supreme Court has yet to recognize a

constitutional right to a speedy appeal, petitioner is not entitled to habeas relief on this claim.

Petitioner lastly claims that his right to right to due process and a meaningful appeal was

violated because the transcripts from hearings conducted on September 15, 1997 and September

22, 1997 with regards to his motion to withdraw his guilty plea were never produced.

The Sixth Circuit has stated that "federal habeas relief based on a missing transcript will

only be granted where the petitioner can show prejudice." *See Scott v. Elo*, 302 F.3d 598, 604

(6th Cir. 2002) (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)).  Although the Sixth

Circuit has recognized the difficulty in demonstrating prejudice where the transcripts are

missing, a habeas petitioner must nonetheless "present something more than gross speculation

that the transcripts were requisite to a fair appeal." *See Bransford,* 806 F.2d at 86.

Although a state must afford an indigent criminal defendant a record of sufficient

completeness to permit proper review of his claims on appeal, a "'record of sufficient

completeness' does not translate automatically into a complete verbatim transcript." *Mayer v.

City of Chicago,* 404 U.S. 189, 194 (1971).  Therefore, a state may find other means to afford

adequate and effective appellate review to indigent defendants, such as an agreed statement of

facts, a full narrative statement based on a court reporter's notes or a judge's notes, or a

bystander's bill of exceptions. *Id.*

Petitioner has offered nothing other than gross speculation that the missing transcripts

were necessary for him to file a meaningful appeal.  The transcripts from petitioner's guilty plea

and sentence were transcribed.  Subsequent to his sentencing, petitioner filed a written motion to

withdraw his guilty plea, which advanced arguments in support of his motion to withdraw.  The

12

trial judge issued a three page opinion denying the motion to withdraw, in which he gave detailed reasons for the denial.  Under the circumstances, petitioner has offered nothing other than gross speculation that the missing transcripts were necessary for his appeal.  Petitioner failed to establish that he was denied due process or the right to meaningful appellate review.

The Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

13

**IV.  CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 9, 2013.

s/Deborah Tofil
Case Manager

14